1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE LE MAY dba WEC,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | 2:11-CV-831 JCM (LRL) |

## ORDER

Presently before the court is the United States' motion to substitute party. (Doc. #2). To date, no response has been filed.

Also before the court is the United States' motion to dismiss for lack of jurisdiction. (Doc. #6). The plaintiff has responded (doc. #10), and the defendant has replied (doc. #11).

Finally before the court is the United States' motion to stay pretrial proceedings. (Doc. #7). To date, no response has been filed.

**I.     Motion to Substitute Party**

The United States notifies the court and plaintiff that because the United States Attorney has certified that the named defendant Craig Colton Postmaster Las Vegas, NV, is a federal employee, and he was acting in the course and scope of his employment at all times relevant to the events alleged in the complaint, this action "shall be deemed an action or proceeding brought against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. §

1  2679(d)(2). Accordingly, defendant Craig Colton is hereby removed from the caption and substituted
2  with the United States as the only defendant.

## II. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

The instant dispute arises from plaintiff's allegation that the United States Postal Service failed to deliver seven volumes of a twenty-two volume set, and as a result, the value of the set was diminished by $355.78. The United States argues that the court lacks subject matter jurisdiction to hear this claim, and, thus, the case should be dismissed.

First, plaintiff fails to cite the Federal Torts Claims Act ("FTCA"), upon which his claims are necessarily based. *U.S. v. Smith*, 499 U.S. 160, 163 (1991) (holding that the FTCA is the exclusive remedy for persons injured by the tortious activity of federal employees acting within the scope of their employment). However, even were plaintiff to cure this pleading deficiency, his complaint must be dismissed with prejudice because the FTCA contains only a partial waiver of the United States' sovereign immunity; expressly excepted from that waiver is "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matters." 28 U.S.C. § 2680(b).

The court agrees with the United States, and finds that the case should be dismissed with prejudice. "A waiver of sovereign immunity must be unequivocally expressed." *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). Unless such a waiver is present, sovereign immunity bars equitable and legal remedies against the United States. *Malone v. Bowdin*, 369 U.S. 643, 647 (1962). Here, the claims are most properly alleged under the FTCA, and the FTCA does not contain a sovereign immunity waiver by which the plaintiff may sue the United States for his particular claim.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly, the case is dismissed with prejudice, because leave to amend would be futile. *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (holding amendment futile where "it was not factually possible for plaintiff to amend the complaint so as to satisfy [the underlying problem]").

### III. Motion to Stay

The government has moved to stay the action pending the court's resolution of the motion to dismiss. Whereas the court has now adjudicated the motion to dismiss, the motion to stay is denied as moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to substitute party be, and the same hereby is, GRANTED;

IT IS FURTHER ORDERED that defendant Craig Colton is hereby removed from the caption and substituted with the United States as the only defendant;

IT IS FURTHER ORDERED that the United States' motion to dismiss is hereby GRANTED. The action is hereby dismissed with prejudice.

IT IS FURTHER ORDERED that the United States' motion to stay (doc. #7) is hereby DENIED as moot.

DATED July 1, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -